IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>RONNIE OWEN HAIRSTON )<br>and )<br>KATHALENE ANN HAIRSTON, )<br>)<br>Debtors. ) | CHAPTER 13<br><br>CASE NO. 7-04-00415 |

## MEMORANDUM DECISION

The matter before the Court is the objection of Ms. Gwendolyn S. Hairston, former wife of the Debtor, to a Motion to Quash Garnishment filed by the Debtors, Ronnie and Kathalene Hairston. This Motion came on to be heard before the Court on March 14, 2005 at which time the Court took the matter under advisement after requesting a written response from the Trustee. The Court has received a written response from the Trustee as well as a letter from the Debtors' counsel and the matter is ready for decision. For the reasons set forth below, the Court concludes that the Debtors' Motion to Quash Garnishment should be denied.

## FINDINGS OF FACT

This Court's Memorandum Decision of January 11, 2005 in this case is hereby incorporated by reference. In addition to the findings of fact and conclusions of law in that decision, the Court finds the following facts with regard to this Motion:

The Debtors added Ms. Hairston as a creditor in their Chapter 13 bankruptcy case on January 6, 2005, but did not amend their schedules to reflect Ms. Hairston's debt. The Debtors filed an amended Chapter 13 plan on January 7, 2005 which included Ms. Hairston in

1

the list of priority creditors to be paid through the plan by the Trustee, but did not include an amount to be paid to her. The provision simply listed her as a creditor with a debt type of "child support arrears" and stated "allowed priority claim paid as available . . . payment to commence after payment of administrative expenses, incl [sic] attorney fee." Ms. Hairston was served with a copy of the Amended Plan and notice of the confirmation hearing, which was set for February 28, 2005.

On February 2, 2005 the Roanoke City Juvenile and Domestic Relations District Court ("J & DR Court") held a hearing at Ms. Hairston's request and entered an Order of Support ordering Ronnie Hairston to pay Gwendolyn Hairston $433.00 per month as payment towards arrearages of $22,593.48. (Exhibit 1). That same court order recited that both Gwendolyn Hairston and Ronnie Hairston were present at the February 2, 2005 hearing. Accordingly, Mr. Hairston knew or was on notice of the amount of Ms. Hairston's determined claim. Although the Court makes no suggestion that Debtors' counsel was aware of the amount of Ms. Hairston's claim when he sought confirmation of the Amended Plan at the confirmation hearing on February 28, 2005, the male Debtor knew, or should have known, of the amount of Ms. Hairston's claim and that the total amount of payments proposed to be made under the terms of such Plan would be insufficient to satisfy the claim, much less pay it and the other sums provided for in the Plan. The male debtor failed to apprise the Court of such facts either prior to or at the confirmation hearing.

The Plan was confirmed on February 28, 2005 without any appearance or objection by Ms. Hairston and without any proof of claim being filed by her or by the Debtors on her behalf. The Order confirming the plan was entered March 2, 2005. The Debtors filed a

Motion to Quash Garnishment on March 9, 2005 and the hearing on that Motion was held March 14, 2005 at which time Ms. Hairston introduced Exhibit 1, the above-mentioned Order of Support entered by the J & DR Court.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. The Court concludes that a motion to quash garnishment regarding a debt listed in a confirmed Chapter 13 plan is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

The Debtors' Motion to Quash Garnishment alleged that the garnishment should be quashed because "an amended plan was filed on January 7, 2005, which proposed to pay the pre-petition support obligation through the office of the Chapter 13 Trustee. An Order confirming the amended plan was entered March 2, 2005." The impact of a confirmed plan on the parties involved in a Chapter 13 reorganization is governed by 11 U.S.C. §1327 which provides:

> (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
>
> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
>
> (c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor *provided for by the plan*.

3

(emphasis added).

The phrase "provided for by the plan" was discussed at length in Deutchman v. IRS (In re Deutchman), 192 F.3d 457, 461 (4th Cir. 1999), a case wherein the debtor contended that the claim of the Internal Revenue Service was "provided for by the plan" and that the IRS's lien on the debtor's property was extinguished pursuant to Section 1327(c) because (i) the IRS did not object to the plan which treated the IRS's claims as unsecured, and (ii) the IRS received payments in accordance with the terms of the confirmed plan. Rejecting the debtor's argument, the Fourth Circuit of Appeals stated:

> Section 1327(c) does not define "provided for." However, in Rake v. Wade, 508 U.S. 464, 124 L. Ed. 2d 424, 113 S. Ct. 2187 (1993), the Supreme Court defined "provided for," as used in 11 U.S.C.A. §1325(a)(5) (West 1993), as "to make a provision for or stipulate to something in a plan," Rake, 508 U.S. at 473 (internal quotation marks omitted), and, as used in 11 U.S.C.A. §1328(a) (West 1993), as "makes provision for, deals with, or even refers to a claim," Rake, 508 U.S. at 474 (internal quotation marks omitted). This court, in Cen-Pen [Cen-Pen Corp. v. Hanson, 58 F.3d 89, 92 (4th Cir. 1995)] held that "as a general matter, a plan 'provides for' a claim or interest [under §1327(c)] when it acknowledges the claim or interest and makes explicit provision for its treatment." 58 F.3d at 94. (emphasis added). We also held that "even where confirmed without objection, a plan will not eliminate a lien simply by failing or refusing to acknowledge it or by calling the creditor unsecured." Id. (quoting Beard, 112 B.R. 951 at 954).
>
> *. . . in order to "provide for" a creditor for purposes of §1327(c), the plan must, at a minimum, clearly and accurately characterize the creditor's claim throughout the plan.*

Deutchman, 192 F.3d at 461. (emphasis added).[1]

---

[1] The Court recognizes that the Deutchman case and the cases cited therein deal with secured claims, but believes the holdings in those cases are transferrable to a case dealing with a priority claim as both types of claims in a Chapter 13 either pass through bankruptcy unaffected, Dewsnup v. Timm, 502 U.S. 410, 481, 116 L. Ed. 2d 903, 112 S. Ct. 773 (1992), or are paid in full under the plan.

4

Although the Amended Plan, on its face, addresses Ms. Hairston's claim by stating that the claim would be paid in full, the claim is not, in fact, "provided for by the plan" within the meaning of 11 U.S.C. §1327(c) as explained in <u>Deutchman</u> and <u>Cen-Pen</u> because the Amended Plan (i) failed to identify the amount of the claim[2] and provide for its satisfaction and, (ii) the proposed payments under the Plan are insufficient to pay such claim and the Plan's other obligations. By virtue of 11 U.S.C. § 1322(a)(2) a Chapter 13 Plan must "provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim". Mr. Hairston's debt to Ms. Gwendolyn Hairston for delinquent child support is accorded priority by 11 U.S.C. § 507(a)(7).

It is appropriate at this point to explain why the Court has not seen fit to grant the Motion to Quash due to Ms. Gwendolyn Hairston's failure to object to confirmation of the Debtors' Amended Plan. It is true, after all, that Ms. Hairston was added as a creditor and served with a copy of the plan and notice, but still took no action either to file an objection to confirmation or appear at the confirmation hearing. The point is, however, that the first responsibility was that of the Debtors actually to make provision for the satisfaction of the support claim. If they had done so and the Plan had arranged for satisfaction of the claim on some basis other than that prescribed by the Juvenile and Domestic Relations Court, such a Plan confirmed either with or without objection would certainly be binding on Ms. Hairston. If the amount of the delinquent child support claim was not known to the Debtors at the time they filed

---

[2] This fact was known or should have been known by Mr. Hairston as of the date of the confirmation hearing.

5

their proposed Amended Plan, it certainly was something that they could have determined and were under a duty to do so. Having failed in that responsibility, they will not be allowed to try to hold Ms. Hairston to the terms of a Plan which in fact did not satisfy the statutory confirmation requirements set forth in 11 U.S.C. § 1322(a).

## DECISION

For the reasons stated in this opinion and the January 11, 2005 opinion, the Motion to Quash Garnishment will be denied. The child support creditor, Gwendolyn Hairston, is free to continue her support collection efforts against the income or other non-exempt property of Ronnie Hairston, other than property of the estate. If the Debtors wish to quash the garnishment issued by the Juvenile and Domestic Relations District Court, they will have to file and obtain confirmation of a modified plan which recognizes the actual amount of the support claim and provides for its satisfaction under the terms of a feasible plan.

This 5th day of April, 2005.

William F. Stone, Jr.
UNITED STATES BANKRUPTCY JUDGE